David J. McGlothlin, Esq. (SBN 026059)
david@kazlg.com
Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste 460
Phoenix, AZ  85016
Phone: 800-400-6808
Fax: 800-520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| RICHARD WINTERS, JR., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHW GROUP, INC. D.B.A. CHOICE HOME WARRANTY; HOME WARRANTY ADMINISTRATOR OF ARIZONA,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff RICHARD WINTERS, JR. ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and

belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of CHW GROUP, INC. D.B.A. CHOICE HOME WARRANTY and HOME WARRANTY ADMINISTRATOR OF ARIZONA ("Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of Arizona, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendants, who are New Jersey residents. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the District of Arizona pursuant to *28 U.S.C. § 1391(b)(2)* because Defendants do business within the State of Arizona and Plaintiff resides within the County of Maricopa.

## PARTIES

4. Plaintiff, RICHARD WINTERS, JR. ("Plaintiff"), is a natural person residing in Mesa, Arizona and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant, CHW GROUP, INC. D.B.A. CHOICE HOME

WARRANTY ("Defendant CHWG" OR "CHWG") is a home service contracts advertiser and seller, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. Defendant, HOME WARRANTY ADMINISTRATOR OF ARIZONA ("Defendant HWAA" OR "HWAA") is a home service contracts advertiser and seller, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7. The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."

8. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9. Beginning in or around July of 2019, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -6678, in an attempt to solicit Plaintiff to purchase Defendants' services.

10. Defendants used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services.

11. Defendants contacted or attempted to contact Plaintiff from multiple telephone numbers, including but not limited to (234) 208-4547, confirmed to be Defendants' number.

12. Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

13. Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

CLASS ACTION COMPLAINT

14. During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

15. Further, Plaintiff's cellular telephone number ending in -6678 has been on the National Do-Not-Call Registry since at least October 5, 2018.

16. Defendants placed multiple calls soliciting its business to Plaintiff on his cellular telephone ending in -6678 between on or around July of 2019.

17. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendants' services.

18. Plaintiff received multiple solicitation calls from Defendants within a 12-month period.

19. Defendants continued to call Plaintiff in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

20. Upon information and belief, and based on Plaintiff's experiences of being called by Defendants after being on the National Do-Not-Call list for several years prior to Defendants' initial call, and at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

21. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the two proposed classes (hereafter, jointly, "The Classes").

22. The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendants to said person's cellular telephone made

through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

23. The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

24. Plaintiff represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received any collection telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

25. Plaintiff represents, and is a member of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

26. Defendants, including their employees and agents, are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but

believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

27. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendants.

28. Plaintiff and members of The ATDS Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and ATDS Class members via their cellular telephones thereby causing Plaintiff and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiff and ATDS Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and ATDS Class members.

29. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendants made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system

           or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b.    Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

    c.    Whether Defendants should be enjoined from engaging in such conduct in the future.

30. As a person that received numerous telemarketing/solicitation calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Class.

31. Plaintiff and members of The DNC Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the DNC Class members were damaged thereby.

32. Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class. These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

    a.    Whether, within the four years prior to the filing of this Complaint, Defendants or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendants

             and did not have an established business relationship with Defendants;

    b.    Whether Defendants obtained prior express written consent to place solicitation calls to Plaintiff or the DNC Class members' telephones;

    c.    Whether Plaintiff and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

    d.    Whether Defendants should be enjoined from engaging in such conduct in the future.

33. As a person that received numerous solicitation calls from Defendants within a 12-month period, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants, Plaintiff is asserting claims that are typical of the DNC Class.

34. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

35. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

36. The prosecution of separate actions by individual Class members

would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

37. Defendants have acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

# FIRST CAUSE OF ACTION

## Negligent Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(b).

## On Behalf of the ATDS Class

38. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

39. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

40. As a result of Defendants' negligent violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

41. Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///
///
///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of the ATDS Class**

42. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

43. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

44. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff and the ATDS Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

45. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**On Behalf of the DNC Class**

46. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

47. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

48. As a result of Defendants' negligent violations of *47 U.S.C. § 227(c)*,

Plaintiff and the DNC Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

49. Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

**On Behalf of the DNC Class**

50. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

51. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

52. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

53. Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' negligent violations of *47 U.S.C.*

*§227(b)(1),* Plaintiff and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(c)(5),* Plaintiff and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class members are

entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

## JURY DEMAND

54. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 25th Day of October, 2019.

**Kazerouni Law Group**

By: /s/ Ryan L. McBride
Ryan L. McBride, Esq.
*Counsel for Plaintiff and the Proposed Class*